Johnny Gay Aaron v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-266-CR

JOHNNY GAY AARON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Johnny Gay Aaron of possession of one gram or more but less than four grams of methamphetamine.  Upon his plea of true to the enhancement paragraphs, the jury assessed Appellant’s punishment at forty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced Appellant accordingly.  In four issues, Appellant challenges the legal and factual sufficiency of the evidence and argues that he received ineffective assistance of counsel.  Because we hold that the evidence is both legally and factually sufficient to support the jury’s verdict and that the record does not support Appellant’s ineffective assistance claim, we affirm the trial court’s judgment.

Background Facts

Wichita Falls police officers entered and searched Appellant’s house pursuant to a search warrant.  They discovered a baggie of methamphetamine under the pillow of the only bed in the house.  They also discovered syringes on the dresser.  The methamphetamine weighed over two grams, including the baggie.  No scales, packaging materials, or transaction records were located inside the house.  No contraband, paraphernalia, or cash was seized from Appellant’s person.

Appellant’s girlfriend, Erica Robertson, who also lived in the house, was not present during the search.  She testified at trial, however, that she did not get out of bed on the day of the search until late in the evening.  When she got up, she made the bed, observing no contraband under the pillow.  At trial, testimony showed that various people had come in and out of the house that day before the police searched the house.

Sufficiency of the Evidence

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 2)  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.
(footnote: 3)  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.
(footnote: 4)
 In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.
(footnote: 5)  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.
(footnote: 6)  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict 
or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.
(footnote: 7)  In performing this review, we are to give due deference to the fact finder’s determinations.
(footnote: 8)  We may not substitute our judgment for that of the fact finder’s.
(footnote: 9)  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.
(footnote: 10)  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.

Appellant relies heavily on the testimony of his girlfriend, Robertson, who lived in the house with him.  Robertson testified that she cleaned the house and made the bed before the officers executed the warrant.  She testified that three other persons visited the home that evening before the police arrived.  She also testified that there were no syringes in the residence either before she left or when she returned after the search.

The house, according to Robertson, was owned by Appellant’s mother, who allowed Appellant free rein of the premises.  Appellant concedes that he was in general control and possession of the premises.  Robertson also testified that Appellant locked the house whenever he left it.

Considering the evidence that Appellant lived at the house, it was under his control, the drugs were found in the only bed in the house, there was no suggestion the drugs belonged to Robertson, who also lived there, and there was no evidence that anyone else would have had a reason to leave drugs beneath the pillow on Appellant’s bed, we hold that the evidence is legally and factually sufficient to support the jury’s verdict.  We overrule Appellant’s first and second issues.

Ineffective Assistance of Counsel

In his third and fourth issues, Appellant argues that he was denied reasonably effective assistance of counsel in two respects.  Specifically, he complains that counsel failed to offer evidence in support of his motion to suppress and also failed properly to pursue disclosure of pertinent information relating to the confidential informant.

We apply a two-pronged test to ineffective assistance of counsel claims.
(footnote: 11)  First, Appellant must show that 
his
 counsel's performance was deficient; second, Appellant must show that the deficient performance prejudiced the defense.
(footnote: 12)
 In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.
(footnote: 13)  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
(footnote: 14)  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”
(footnote: 15)  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.
(footnote: 16)  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.
(footnote: 17)
 The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable.
(footnote: 18)  In other words, Appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
(footnote: 19)  A reasonable probability is a probability sufficient to undermine confidence in the outcome.
(footnote: 20)  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.

Appellant did not file a motion for new trial to develop the claimed deficiencies in counsel’s performance.  The record on direct appeal is rarely sufficient to support a claim of ineffective assistance of counsel.
(footnote: 21)  This record is no exception.

Appellant argues that trial counsel rendered ineffective assistance of counsel because he chose to rely solely upon the contents of the unsworn motion to suppress.  Although Appellant asserted at the pretrial hearing on his motion to suppress that the unidentified informant was unreliable and that the police were aware of this fact, as well as the fact that the informant had a criminal record, there is no evidence to support this assertion.  Nothing in the record shows what evidence Appellant would have presented in support of his motion to suppress.  Nothing in the record shows what evidence was available, nor does anything in the record support Appellant’s assertion on appeal that there is a reasonable probability the outcome of the trial would have been different had counsel performed otherwise.

As to his complaint that trial counsel rendered ineffective assistance by failing properly to pursue the disclosure of the identity of the confidential informant, nothing in the record shows us why this failure constituted ineffective assistance.  There is no evidence in the record that the informant was unreliable or that he had a criminal record.  Appellant argues that the failure to present evidence to show the unreliability and criminal history of the confidential informant constituted deficient performance on the part of trial counsel, but he does not show us what evidence existed that could have been presented.

Consequently, the record before us is inadequate to support Appellant’s allegations of ineffective assistance.  We therefore overrule Appellant’s third and fourth issues.

Conclusion

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

3:
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.

4:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

5:
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).

6:
Johnson
, 23 S.W.3d at 11.

7:
Id.
 

8:
Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.

9:
Johnson
, 23 S.W.3d at 12.

10:
Id.
 at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

11:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

12:
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

13:
Thompson
, 9 S.W.3d at 813.

14:
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.

15:
Id. 
at 690, 104 S. Ct. at 2066.

16:
Thompson
, 9 S.W.3d at 814.

17:
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

18:
Id. 
at 687, 104 S. Ct. at 2064.

19:
Id.
 at 694, 104 S. Ct. at 2068.

20:
Id.

21:
Thompson
, 9 S.W.3d at 813-14.